

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DEBORAH TOKARZ,                         )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )        Case No. 2:25-cv-00593-cr
                                        )
ADAMS FAMILY INN, LLC, and MY           )
VILLAGE INN LLC                         )
                                        )
            Defendants.                 )

**ENTRY ORDER**
**GRANTING PLAINTIFF'S MOTION TO CONTINUE THE DISCOVERY**
**SCHEDULE**
(Doc. 30)

On June 20, 2025, Deborah Tokarz ("Plaintiff") brought suit against Adams
Family Inn, LLC and My Village Inn LLC, (collectively, "Defendants"), arising out of
her alleged injury at The Village Inn of Woodstock (the "Inn") owned by Defendants. On
June 12, 2026, Plaintiff moved to continue the discovery schedule in order to obtain a
liability expert witness, (Doc. 30), and on June 18, 2026, Defendants opposed the motion.
(Doc. 31.)

Plaintiff is represented by Carey C. Rose, Esq. Defendants are represented by John
J. Boylan, III, Esq.

I.    **Factual and Procedural Background.**

    A.    **Allegations in the Complaint.**

Plaintiff alleges that she worked at the Inn as a chef and interim innkeeper during
the summer of 2022. On or about June 28, 2022, Plaintiff claims that, upon exiting the
Inn, she descended stairs which collapsed under her and resulted in "serious[] injur[y.]"
(Doc. 1 at 2, ¶ 10.) According to the Complaint, "[t]he stairs had no railing and were not
code compliant[]" and "Defendants knew or should have known that the stairs were
loose, unsafe, and in need of repair prior to Plaintiff's fall." *Id.* at 3, ¶ 13. Defendants

allegedly "did not warn Plaintiff that the rear stairs were potentially unsafe and did not warn her not to use those stairs." *Id.* at ¶ 14. As a result, Plaintiff asserts a negligence claim against Defendants.

**B.      The Discovery Schedule.**

Plaintiff moves to continue the discovery schedule in order to obtain and disclose a liability expert witness and proposes disclosing the liability expert witness report on or before August 15, 2026. On April 16, 2026, the court issued a first amended stipulated discovery schedule with the following relevant deadlines:

- The parties shall serve all interrogatories and requests for production on or before December 15, 2025.

- Depositions of all non-expert witnesses shall be completed by May 1, 2026.

- Plaintiff shall submit expert witness reports on or before October 21, 2025. Depositions of Plaintiff's expert witnesses shall be completed by May 15, 2026.

- Defendants shall submit expert witness reports on or before December 1, 2025. Depositions of Defendants' expert witnesses shall be completed by June 15, 2026.

- All discovery shall be completed by July 1, 2026.

- Motions, including summary judgment motions but excluding motions relating to the conduct of the trial, shall be filed on or before May 1, 2026.

- The case shall be ready for trial by August 1, 2026.

*See* Doc. 29.

**II.     Conclusions of Law and Analysis.**

**A.      Standard of Review.**

Under Fed. R. Civ. P. 16, a discovery schedule "may be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); *see also* D. Vt. Loc. R. 26(a)(7) ("If additional discovery time is required due to case complexity or other extraordinary circumstances, counsel may move for an extension of time for good cause. Absent exceptional circumstances, requests must be made before the discovery deadline expires."). "A finding of good cause depends on the diligence of the moving party." *Grochowski v.*

*Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (citation omitted); *see also Wells Fargo Bank, N.A. v. United States Life Ins. Co.*, 2026 WL 1002377, at *2 (S.D.N.Y. Apr. 14, 2026) ("Rule 16 does not define 'good cause,' but the Second Circuit has stated that 'the diligence of the moving party' is at the center of the analysis.") (citation omitted). "A district court has broad discretion in deciding whether good cause exists to amend the scheduling order and reopen discovery." *Wells Fargo Bank, N.A.*, 2026 WL 1002377, at *2 (internal quotation marks omitted).

"[T]o satisfy the good cause standard[,] the party must show that, despite [] having exercised diligence, the applicable deadline could not have been reasonably met." *Id.* (internal quotation marks omitted) (quoting *Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020)); *see also Cardew v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 743 F. Supp. 3d 523, 527 (W.D.N.Y. 2024) ("In other words, 'good cause exists where the moving party is unable to comply with a required deadline despite the exercise of due diligence.'") (alteration adopted) (citation omitted). "Courts have noted examples of factors that are 'not compatible with a finding of diligence and do not provide a basis for relief: carelessness, an attorney's otherwise busy schedule, or a change in litigation strategy.'" *Arriola v. 658-660 Amsterdam Corp.*, 2025 WL 239110, at *2 (S.D.N.Y. Jan. 16, 2025) (quoting *Furry Puppet Studio Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020)). "A party cannot, therefore, demonstrate diligence where . . . the proposed amendment is based on information that the party 'knew, or should have known, in advance of the deadline.'" *Morant v. City of New Haven*, 731 F. Supp. 3d 358, 362 (D. Conn. 2024) (citation omitted); *see also Cardew*, 743 F. Supp. 3d at 527 ("For extensions of discovery, [courts] must consider whether the party 'had ample time in which to pursue the discovery that it now' seeks or 'claims is essential.'") (quoting *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir. 1985)).

Although they are "not 'mandatory,' six factors have aided courts . . . when considering a motion to reopen discovery":

3

1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Wells Fargo Bank, N.A.*, 2026 WL 1002377, at *2 (quoting *Saray Dokum*, 335 F.R.D. at 52).

### B.   Whether Plaintiff Has Established Good Cause to Continue the Discovery Schedule.

Plaintiff argues that she will expeditiously obtain and disclose the liability expert witness by August 15, 2026 and that Defendants will not be prejudiced by permitting this additional time for expert disclosures, which Defendants do not dispute. Any delay in the overall discovery schedule will not be extensive, and a trial date has not yet been set.

With respect to the fourth factor, Plaintiff argues that she has exercised diligence because "Defendants' discovery responses and Defendants' depositions were not complete until May 1, 2026[,]" and "[t]hese were needed to determine if a liability expert was required and to secure the discovery necessary to provide a liability expert." (Doc. 30 at 2.) Defendants counter that they denied liability in their Answer to Plaintiff's Complaint filed on August 18, 2025, and in mediation conducted on December 18, 2025, and thus, "Plaintiff's counsel knew full well . . . that [] Defendants disputed liability in this matter. To suggest that Plaintiff's counsel wasn't aware of this until after the deposition of her medical expert is disingenuous." (Doc. 31 at 3.)

Plaintiff's allegations in the Complaint and Defendants' responses in their Answer are, in part, as follows:

> Plaintiff's Complaint ¶ 17: "Defendant Adams Family Inn, LLC had a duty to maintain the premises in a safe manner so as to not endanger or injure [] Plaintiff or others who entered or exited the property via the stairs."
>
> Defendants' Response to ¶ 17: "Denied."
>
> Plaintiff's Complaint ¶ 18: "Defendant Adams Family Inn, LLC breached its duties by failing to maintain the stairs and repair the stairs so that they

4

were safe, code compliant, not hazardous, and otherwise failing to use reasonable care under the circumstances to keep its premises safe."

Defendants' Response to ¶ 18: "Denied."

Plaintiff's Complaint ¶ 19: "Defendant Adams Family Inn, LLC failed to take reasonable measures to protect and warn Plaintiff, customers, and others of the potentially dangerous conditions of the stairs."

Defendants' Response to ¶ 19: "Denied."

Plaintiff's Complaint ¶ 20: "As a direct and proximate result of Defendant Adams Family Inn, LLC's negligence and breach, Plaintiff was seriously injured and incurred significant damages, including, but not limited to[,] past and future medical expenses, wage loss, and past and future pain and suffering."

Defendants' Response to ¶ 20: "Denied."

Plaintiff's Complaint ¶ 22: "Defendant My Village Inn LLC had a duty to maintain the premises in a safe manner so as to not endanger or injure [] Plaintiff or others who entered or [exited] the property."

Defendants' Response to ¶ 22: "Denied; paragraph 22 does not properly set forth the law of Vermont regarding premises liability."

Plaintiff's Complaint ¶ 23: "Defendant My Village Inn LLC breached its duties by failing to maintain the stairs and repair the stairs so that they were safe and not hazardous and otherwise failing to use reasonable care under the circumstances to keep its premises safe."

Defendants' Response to ¶ 23: "Denied."

Plaintiff's Complaint ¶ 24: "Defendant My Village Inn LLC failed to take reasonable measures to protect and warn Plaintiff, customers, and others of the potentially dangerous conditions of the stairs."

Defendants' Response to ¶ 24: "Denied."

Plaintiff's Complaint ¶ 25: "As a direct and proximate result of Defendant My Village Inn LLC's negligence and breach, Plaintiff was seriously injured and incurred significant damages, including, but not limited to[,] past and future medical expenses, wage loss, and past and future pain and suffering."

Defendants' Response to ¶ 25: "Denied."

(Doc. 1 at 3-4, ¶¶ 17-20, 22-25; Doc. 5 at 2-3, ¶¶ 17-20, 22-25.)

5

In their Answer, filed on August 18, 2025, Defendants plainly denied liability for Plaintiff's negligence claims. Although Plaintiff thus had notice that Defendants were disputing their liability, the parties' discovery schedule is atypical in that it required them to disclose their expert witnesses *before* fact discovery was completed. As a result, the full extent to which Defendants were disputing liability might not have been known to Plaintiff until after the May 2026 depositions. For those same reasons, the need for a liability expert witness, while foreseeable, could not have been based on fact witness evidence that had yet to be produced. Finally, there is a substantial likelihood that Plaintiff obtaining a liability expert witness will lead to relevant evidence as this issue is the linchpin of Plaintiff's negligence claims.

Because trial is not imminent, Defendants will not be prejudiced by an extension, Plaintiff has been reasonably diligent in obtaining discovery to date, and there is a substantial likelihood that a liability expert witness will lead to relevant evidence, the court GRANTS Plaintiff's motion to continue the discovery schedule. *See Fernandez v. Pinnacle Grp. NY LLC*, 2024 WL 2055059, at *7 (S.D.N.Y. May 7, 2024) (granting plaintiffs' motion to reopen discovery because "trial is not imminent, [p]laintiffs have been reasonably diligent in obtaining discovery to date, and it is highly likely that the discovery will lead to relevant evidence[]"); *Shapard v. Attea*, 2015 WL 866892, at *2 (W.D.N.Y. Mar. 2, 2015) (granting plaintiff's motion to reopen discovery to obtain three expert witnesses because "[p]laintiff's counsel have diligently pursued discovery[,]" "[p]laintiff's counsel did not foresee the need to conduct expert discovery until after [d]efendants' depositions were completed[,]" "[d]efendants will not be prejudiced," and "further discovery is likely to lead to relevant evidence"). Plaintiff is HEREBY ORDERED to disclose the liability expert witness report on or before August 15, 2026.

6

## CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's motion to continue the scheduling order. (Doc. 30.) Plaintiff shall disclose the liability expert witness report on or before August 15, 2026, and a deposition of the liability expert witness shall be completed within thirty (30) days thereafter. Defendants shall disclose any rebuttal liability expert witness within thirty (30) days of deposing Plaintiff's liability expert witness, and a deposition of the rebuttal liability expert witness shall be completed within thirty (30) days thereafter.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 7th day of July, 2026.

Christina Reiss, Chief Judge
United States District Court

7